UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-80078-CIV-MIDDLEBROOKS/JOHNSON

OLD NATIONAL BANK,

    Plaintiff,

vs.

GOLDBERG & ASSOCIATES, LLC and
STEVEN D. GOLDBERG,

    Defendants.

_____

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Judgment Against Defendants and Entry of Permanent Injunction (DE 25), filed on August 6, 2008. I have reviewed the Motion and am fully informed on the matter.

**I. Background**

This cause of action arises from a dispute about the sale to Defendants of delinquent consumer accounts receivable ("Accounts") owned by Plaintiff. In October 2007, Plaintiff marketed 8,779 of its delinquent accounts to prospective debt buyers. Defendants submitted a bid for the Accounts and in return, received certain information about the Accounts in a Masked File. To receive the initial information, Defendants signed a confidentiality and non-disclosure agreement. Defendants submitted the highest bid for the Accounts, and a Purchase and Sale Agreement ("Agreement") subsequently was executed between Plaintiff and Defendants in December 2007. Pursuant to the Agreement, Defendants promised to pay $294,435 to Plaintiff on or before December 14, 2007. In exchange, Plaintiff agreed to sell

and transfer to Defendants all of its rights, title and interest in each of the Accounts.

Defendants allegedly received and used the Unmasked File for the Accounts but failed to pay pursuant to the Agreement. Plaintiff filed a Complaint on January 24, 2008, alleging counts of: I) Rescission (under Indiana law); II) Unjust Enrichment; III) Breach of Contract - Purchase Agreement; IV) Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.2105); V) Conversion; VI) Fraudulent Inducement; VII) Breach of Contract - Confidentiality Agreement; and VIII) Accounting. *See* Complaint (DE 1). Defendants filed an Answer on February 15, 2008 (DE 10), and the case proceeded in a timely manner. The parties agreed to a preliminary injunction whereby Defendants would not 1) market, sell, or otherwise transfer any of the Accounts or underlying data; 2) use the Account information or data in any way; and/or 3) distribute or disclose any Account information or data. *See* Order re: Motion for Preliminary Injunction (DE 16) entered on February 29, 2008.

Ultimately, on July 23, 2008, the parties informed the Court that they had reached a settlement ("Settlement Agreement") and would be filing the appropriate papers to conclude the matter within ten days. *See* Order Upon a Telephone Call to Chambers (DE 24). The Court ordered parties to file a Stipulation of Dismissal on or before August 6, 2008. *See id.*

**II. The Issues at Bar**

The parties did not file a Stipulation of Dismissal. Rather, on August 6, 2008, Plaintiff filed a Motion for Judgment and Permanent Injunction, alleging that Defendants breached the Settlement Agreement. That matter is now before the Court. Defendants failed to respond to the Motion.

In support of its Motion, Plaintiff states that, pursuant to the Settlement Agreement,

Defendants promised to pay $15,000 by July 29, 2008 and agreed to make the preliminary injunction permanent with respect to Defendant Goldberg and all entities under his control. *See* Motion for Judgment and Permanent Injunction (DE 25). Plaintiff contends that Defendants violated the Settlement Agreement by failing to make the $15,000 payment. Accordingly, Plaintiff seeks entry of judgment against Defendants on Counts III (Breach of Contract of the Purchase Agreement) and VII (Breach of Contract of the Confidentiality Agreement) of the Complaint.

Plaintiff submits the Settlement and Release Agreement ("Settlement Agreement"), dated July 22, 2008 and signed by both parties, as Exhibit A of its Motion for Judgment and Permanent Injunction (DE 25). In paragraph one of the Settlement Agreement, the parties agreed that Defendants would pay Plaintiff $15,000.00 by certified check or wire transfer by July 29, 2008. In paragraph two of the Settlement Agreement, Defendants consented to entry of an agreed Permanent Injunction ("the Permanent Injunction") with terms are identical to those contained in the Agreed Preliminary Injunction entered by the Court on February 29, 2008. Further, the parties agreed to file a motion for entry of the Agreed Preliminary Injunction and dismissal of all other claims without prejudice after Plaintiff received the $15,000.00 from Defendants.

Paragraph three of the Settlement Agreement contains the default clause. It states, in relevant part:

> 3. The Parties agree that Old National's receipt of the full Payment and entry of the Permanent Injunction by July 29, 2008, are conditions precedent to Old National's release of Goldberg & Associates and Goldberg as set forth in paragraph 4 below. In the event that (a) Goldberg & Associates and/or Goldberg fail to make full Payment by July 29, 2008, . . . or (c) the Permanent Injunction is not entered,

3

Goldberg & Associates and/or Goldberg hereby admit to liability on Old National's claims for breach of contract and consent to entry of judgments against each of them, jointly and severally, for the full amount of Old National's damages, which will include the difference between the original contract price and the price at which Old National resells the accounts at issue, plus Old National's attorney's fees for pursuing this action, plus the costs incurred by Old National to notify individuals whose accounts were involved of the possible leak of their personal information, plus the costs incurred by Old National to market and resell the accounts at issue. All of these amounts will be provided in an affidavit from Old National with the agreed judgment submitted to the Court.

### III. Legal and Factual Determinations by the Court

"Compromises of disputed claims are favored by the courts." J. Kahn & Co. v. Clark, 178 F.2d 111 (5th Cir. 1949) (quoting Williams v. First Nat. Bank, 216 U.S. 582, 595 (1910)). Where the parties, acting in good faith, settled a controversy, the courts will enforce the compromise without regard to what the result might or would have been had the parties chosen to litigate rather than settle. J. Kahn & Co., 178 F.2d at 114. Construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. Fla. Ed. Ass'n Inc. v. Atkinson, 481 F.2d 662 (5th Cir. 1973). *See also* Paulucci v. Gen. Dynamics Corp., 842 So.2d 797 (Fla. 2003)(holding, *inter alia*, that the trial court which approved a settlement agreement in commercial leasing dispute, incorporated the agreement into a final judgment, and retained jurisdiction to enforce its terms had the authority to enforce a duty accepted under the agreement).

Pursuant to Federal Rule of Civil Procedure 58, and for good cause shown, I find that judgment shall be entered against Defendants. Plaintiff and Defendants had a valid contract that is enforceable according to its terms.

### A) Permanent Injunction

A permanent injunction is hereby issued, based on the following conclusions of law:

4

1) The disclosure or dissemination of information in the Accounts could cause irreparable harm both to Plaintiff and to consumers. Disclosure or dissemination would diminish the Accounts' remaining value, if any, and could expose the consumers to increased risk of identity theft.

2) The issuance of the Permanent Injunction does not threaten any harm to Goldberg & Associates or Goldberg.

3) The public's interest in maintaining the confidentiality of consumer account information favors issuance of a permanent injunction. The Agreed Temporary Injunction shall be made permanent.

**B) Costs**

In its Motion for Entry of Judgment Against Defendants and Entry of Permanent Injunction, Plaintiff seeks costs in the amount of $151,928.38. Plaintiff calculated the damages as follows:

- Difference between original contract price ($294,435) and the resale price ($195,819) = $98,616.
- Attorneys' fees and costs to date = $48,312.38.
- Costs to notify individual account holders = approximately $5,000.

I agree that Plaintiff is entitled to costs as stipulated pursuant to the Settlement Agreement. Plaintiff has submitted an affidavit from Patricia Scott, Collection Supervisor in the Collections Department for Plaintiff, stating that Plaintiff "sold the Accounts to a third party and netted $195,819 in proceeds." *See* Plaintiff's Motion for Entry of Judgment Against Defendants and Entry of Permanent Injunction (DE 25), Exhibit B, ¶ 4. She further states that Plaintiff incurred "costs of approximately $5,000.00 for postage, materials, handling, and employee time" to notify individuals

whose personal identifying information may have been improperly disclosed. *Id.* at ¶¶ 5-6.

Additional information is required before determining the final amount. Plaintiff's do not provide any time records or legal analysis to assist the Court in determining the issuance of Attorney's Fees and Costs. Moreover, Plaintiff does not submit documentation pertaining to the costs of notifying individuals affected by the potential disclosure.

### C) Dismissal of Other Claims

Plaintiff has moved to dismiss Counts I, II, IV, V, VI, and VIII of the Complaint. In paragraph two of the Settlement Agreement, in addition to the entry of the Agreed Preliminary Injunction, Defendants consented to such dismissal of other claims. *See* Plaintiff's Motion for Entry of Judgment Against Defendants and Entry of Permanent Injunction (DE 25), Exhibit A. Pursuant to Fed. R. Civ. P. 41(a)(2), Claims I, II, IV, V, VI, and VIII shall be dismissed without prejudice.

### IV. Conclusion

Accordingly, it is hereby ORDERED and ADJUDGED that Plaintiff's Motion for Permanent Injunction is GRANTED. Defendant Goldberg and entities under his control are permanently enjoined from doing any of the following:

1) marketing, selling, or otherwise transferring any of the Accounts or underlying data;
2) using the Account information or data in any way; and/or
3) distributing or disclosing any of the Account information or data.

It is further ORDERED and ADJUDGED that Final Judgment is entered in favor of Plaintiff and against Defendants in the amount of $98,616. The Final Judgment and the Order of Permanent Injunction shall be entered separately. The Court retains jurisdiction for the purpose of awarding attorney's fees and costs as well as consumer notification costs upon appropriate briefing. Plaintiff

shall, by **5:00 p.m. on September 16, 2008**, submit time records as well as a memorandum of law addressing their entitlement to attorney's fees and costs and the reasonableness of their request. Plaintiff also is instructed to submit documentation pertaining to the costs of notifying individuals affected by the potential disclosure. If Plaintiff does not file these documents, its request for attorney's fees and other costs likely will be denied based on Plaintiff's inadequate documentation.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 2nd day of September, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to counsel of record.