UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

OLD NATIONAL BANK,                              :
                                                :
      Plaintiff,                            :   Case No. 9:08-cv-80078
                                                :
      vs.                                   :
                                                :
GOLDBERG & ASSOCIATES, LLC                      :
and STEVEN D. GOLDBERG,                         :
                                                :
      Defendants.                           :
                                                :

## PLAINTIFF'S MOTION FOR CIVIL CONTEMPT

      Plaintiff, OLD NATIONAL BANK ("Old National"), by an through undersigned counsel, files this Motion for Civil Contempt against Defendants, GOLDBERG & ASSOCIATES, LLC ("Goldberg, LLC") and STEVEN D. GOLDBERG ("Mr. Goldberg"). In support thereof, Old National states:

### I. Introduction

      1.     By way of background, on or about December 12, 2007, Defendant Goldberg, LLC and Old National entered into a purchase and sale agreement for the purchase of certain of Old National's accounts receivable. [DE 1]. Prior to the closing on such agreement, Goldberg, LLC obtained information relating to Old National's accounts receivable without paying for them, by tricking one Old National's contractors. Id. Goldberg, LLC subsequently endeavored to resell the accounts receivable which it had not paid for. Id.

      2.     On October 17, 2008 (approximately five months ago), Old National issued requests for production and interrogatories seeking financial discovery on Defendants. On

November 20, 2008, this Court entered a final judgment against Defendants in this case. A copy of these four discovery requests is attached hereto as **Composite Exhibit "A"**. [DE 30]. On January 12, 2009, this case was reopened for the limited purpose of obtaining discovery in aid of execution of the judgment against the Defendants. [DE 36]

3.     On January 12, 2009, this Court entered an Order granting Old National's Motion to Compel with respect to the financial discovery (the "Order"). [DE 32] *Pursuant to this Order, the Court ordered Defendants to produce the requested financial documents and answer the interrogatories by January 23, 2009. To date, neither Defendant has produced one single financial document or answered one single interrogatory question.* As such, Defendants have completely stymied Old National's efforts to collect on its judgment.

4.     Goldberg, LLC has been violating this Court's orders for approximately nine months. On May 22, 2008, the Court ordered that Goldberg, LLC would be in default unless it retained counsel by June 13, 2008. [DE 22]. In contravention of this Court's Order, Defendant Goldberg, LLC continues to represent itself. Specifically, Goldberg, LLC has purported to make court filings as recently as February 5, 2009 [DE 38] and December 10, 2008 [DE 35].

5.     As explained below, Defendants should be held in civil contempt of court.

## II. Legal Argument

Pursuant to the Federal Rules of Civil Procedure, sanction for failing to obey a discovery order include, among other things, contempt of court and awarding attorneys' fees. Fed. R. Civ. P. 37(b)(2). It follows that a federal district court has the power to vindicate its own authority through the use of a contempt order. <u>Popular Bank of Florida v. Banco Popular de Puerto Rico</u>, 180 F.R.D. 461, 465 (S.D. Fla. 1998) *citing* Charles A. Wright, Arthur R. Miller, Mary K. Kane,

FTL:3070034:1

11A Federal Practice and Procedure § 2960 (1995).  The power to punish for contempt is also an inherent power of the federal courts, and includes the power to punish for violations of a court's own orders.  United States v. Barnette, 129 F.3d 1179, 1182 (11th Cir. 1997).  Civil contempt is a remedial sanction designed and intended to obtain the party's compliance with a court order or to compensate a party for any losses sustained as a result of the other party's contempt.  Keegan v. Lawrence, 778 F. Supp. 523, 525 (S.D. Fla. 1991) (citing McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1948)).  Civil contempt, including imposing monetary fines and incarceration, is appropriate when a party fails to comply with an order compelling production of documents.  United States v. Roberts, 858 F.2d 698, 700 (11th Cir. 1988).

     A court's focus in a contempt proceeding is not on the subjective beliefs or intent of the alleged contemnor in complying with the court's order, but whether in fact the party's conduct complied with the court's order.  Howard Johnson Co., Inc. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990).  A party's deliberate and willful disregard of judicial process and the rights of the opposing party justify the most severe sanction.  Carlucci v. Piper Aircraft Corp., 102 F.R.D. 472, 486 (S.D. Fla. 1984) (citing National Hockey League v. Metropolitan Hockey Club, 429 U.S. 874 (1976)).  However, a violation of an order need not be willful for a party to be found in civil contempt.  Popular Bank of Florida, 180 F.R.D. at 466.  The court has "wide discretion to fashion an equitable remedy for [civil] contempt that is appropriate to the circumstances."  United States v. City of Miami, 195 F.3d 1292, 1298 (11th Cir. 1999) (quoting EEOC v. Guardian Pools, Inc., 828 F.2d 1507, 1515 (11th Cir. 1987).  Where a party fails to comply with a discovery order, monetary sanctions may be imposed for each day the non-discovering party continues to be in contempt.  See, Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1471 (9th Cir. 1992) (affirming fine of $10,000 per day).

The burden is on the party seeking contempt to show, by clear and convincing evidence, that the party allegedly in contempt violated a court order. United States v. Roberts, 858 F.2d 698, 700 (11th Cir. 1988) (finding that civil contempt may be imposed where there has been a violation of a clear and unambiguous order of which the party to be charged had notice). Once a petitioner makes a prime facie showing of a violation, the burden shifts to the party alleged to be in contempt to produce detailed evidence specifically explaining why it cannot comply with the court's order. Commodity Futures Trading Comm'n v. Trinity Financial Group, Inc., 2003 WL 21349668, at *2 (S.D. Fla. April 21, 2003) (citing Roberts, 858 F.2d at 701); see also Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992)[1]

Turning to the present case, pursuant to the Order, the Court ordered Defendants to produce the requested financial documents and answer the interrogatories by January 23, 2009. The requirements of the Order were entirely clear. Further, the Order expressly stated that ". . . failure to make disclosure or cooperate in discovery, as well as failure to comply with a Court Order, may constitute grounds for sanctions." [DE 36]. Consequently, Defendants have received an adequate warning about the consequences of failing to comply with their discovery obligations.

Despite this Court's warning, to date, neither Defendant has produced one single financial document or answered one single interrogatory question. This is supported by affidavits of Old National's attorneys, which are attached hereto as **Exhibit "B" and "C."** Since Defendants have not even attempted to provide any response whatsoever, Defendants clearly are

---

1 An intermediate remedy is for a court to enter an order to show cause why the non-discovering party should not be held in contempt. U.S. Diamond & Gold v. Julius Klein Diamonds, LLC, 2008 WL 2977891 *3-6 (S.D. Oh. July 29, 2008). Unfortunately, Old National believes that this remedy will be ineffective in coercing Defendants' compliance with their discovery obligations.

in violation of the Order.

As a threshold matter, Defendants should not be heard to say the requested documents do not exist.  Old National requested basic documents such as tax returns, the electronic financial bookkeeping package, and profit and loss statements.  Such documents certainly exist.  Next, Defendants have the ability to provide the requested discovery.  Mr. Goldberg is the manager of Goldberg, LLC.  This is demonstrated by records of the Florida Department of State Division of Corporations are attached hereto as **Exhibit "D."** Consequently, Mr. Goldberg certainly had the ability to provide Goldberg, LLC's financial records as ordered by this Court.   Further, Defendants do not need a lawyer to begin forwarding financial documents (profit and loss statements, tax returns, etc.) and answering the interrogatories.  Old National is being harmed by the delay.  Moreover, Defendants' assets may be dissipating while Defendants engage in dilatory practice.

In Defendants' Response to the Motion to Compel, Defendant stated on December 2, 2008, "Defendant would respectfully request the court to allow the Defendants a minimum of 30 days to review, locate and forward the required documents as requested in Plaintiff's order to produce." [DE 32].  Thirty days have long since passed.  On February 6, 2009, in their Response to Notification of Ninety Days Expiring, they requested an additional sixty days to retain counsel. [DE 38].  Defendants apparently think they can ignore Court Orders by simply making empty promises to Old National and the Court.   The Court should not countenance this tactic. Defendants are causing Old National to incur unnecessary attorneys' fees.   Additionally, Defendants are wasting judicial resources.

A proposed Order is attached hereto as **Exhibit "E."**

FTL:3070034:1

5

WHEREFORE, Plaintiff, OLD NATIONAL BANK, respectfully requests an Order finding Defendants to be in civil contempt of court (or in the alternative an order to show cause why they should not be held in civil contempt), ordering Defendants to respond to the discovery requests as previously ordered, provide a monetary sanction of $2,500.00 for each day Defendants fail to comply with this Court's Order, award Plaintiff its attorneys' fees incurred in connection with this Motion, and grant Plaintiff all other relief which the Court deems just and equitable.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of February 2009, I served a copy of the foregoing U.S. mail and e-mail to: Steven D. Goldberg and Goldberg & Associates, LLC, 102 N.E. 2nd Street, #387, Boca Raton, FL 33432.

Respectfully submitted,

**/s/ Daniel W. Matlow**
Dan Matlow, Esq.
Wendy D. Brewer (Fla. Bar No. 57746)
E-mail: wendy.brewer@btlaw.com
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Michael Gottschlich (Pending Pro Hac Vice)
E-mail: MGOTTSCH@BTLaw.com
Telephone: (317) 231-7834
Facsimile: (317) 231-7433
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204

Dan Matlow (Fla. Bar No. 384666)
E-mail: daniel.matlow@ruden.com
RUDEN, MCCLOSKY, ET. AL.
200 E. Broward Blvd.
P.O. Box 1900
Fort Lauderdale, FL 33302
Telephone: (954) 527-2475
Facsimile: (954) 333-4075
Attorneys for Old National Bank