**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 08-80078-CIV-MIDDLEBROOKS/JOHNSON

OLD NATIONAL BANK,
    Plaintiff,

vs.

GOLDBERG & ASSOCIATES, LLC and
STEVEN D. GOLDBERG,
    Defendants.



---

## ORDER GRANTING PLAINTIFF'S MOTION FOR CIVIL CONTEMPT (DE 39)

THIS CAUSE comes before the Court upon a March 20th, 2009, Show Cause Hearing on Plaintiff's Motion for Civil Contempt (DE 39). Neither defendant appeared.[1] Prior to the hearing, Defendant Goldberg had responded to Plaintiff's Motion (DE 40), to which Plaintiff replied (DE 41). Defendant Goldberg then filed another response (DE 43). The Court has reviewed the parties' filings and is otherwise advised in the premises.

### I. Findings of Fact

Upon consideration of the entire record, the Court makes the following findings of fact:

On or about December 12, 2007, Defendant Goldberg, LLC and Plaintiff Old National Bank entered into a purchase and sale agreement for the purchase of certain accounts receivable ("Accounts") owned by Plaintiff. *See* DE 1, Exh. B. Thereafter, Defendants defrauded one of Plaintiff's contractors, gaining access to the unmasked Accounts without paying for them. *See* DE 1. Defendants subsequently attempted to resell the Accounts. *See id.*

---

[1] It is well established in this Circuit that a corporation cannot appear *pro se* and must be represented by counsel. *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985). No counsel appeared on behalf of Corporate Defendant Goldberg & Associates, LLC. *Pro se* Defendant Goldberg also failed to appear.

1

Plaintiff filed the instant cause of action on January 24, 2008. *See* DE 1.  All parties initially were represented by counsel.  On May 29, 2008, Defendants' counsel filed a motion to withdraw (DE 21), which was granted. *See* DE 22.  Defendants were advised that Corporate Defendant could not proceed *pro se*; it was instructed to obtain new counsel by June 13, 2008. *See id.*

On or about July 22, 2008, the parties entered into a settlement agreement to resolve the litigation. *See* DE 24.  The informed the Court that they would file a stipulation of dismissal by August 6, 2008. *See id.*  However, the parties did not file a stipulation.  Rather, on August 6, 2008, Plaintiff moved for entry of judgment and a permanent injunction, alleging that Defendants had breached the settlement agreement. *See* DE 25.  The Court subsequently granted Plaintiff's Motion (DE 25) and entered final judgment in favor of Plaintiff. *See* DEs 26, 30.

On January 12, 2009, the above-captioned case was reopened for the limited purpose of obtaining discovery in aid of execution of the judgment against Defendants. *See* DE 36.  Plaintiff previously had issued requests for production and interrogatories seeking financial discovery from Defendants, but Defendants failed to respond.  The Court granted Plaintiff's Motion to Compel (DE 32) and ordered Defendants to produce the requested financial documents and answer the interrogatories by January 23, 2009. *See* DE 36.  Plaintiff sought basic documents such as tax returns and profit and loss statements, which Defendants had (and still have) the ability to provide. Defendant Goldberg, as the manager of Goldberg & Associates, LLC,[2] was (and is) able to provide corporate financial records as ordered by this Court.

The requirements of the January 12, 2009, Order (DE 36) were clear and unambiguous. Further, the Order expressly stated that "failure to make disclosure or cooperate in discovery, as well

---

[2] Defendant Steven D. Goldberg is listed as the manager of Goldberg & Associates on records of the Florida Department of State Division of Corporations.

2

as failure to comply with a Court Order, may constitute grounds for sanctions." DE 36, pp. 1-2. Therefore, Defendants received adequate warning about the consequences of failing to comply with discovery obligations.

To date, Defendants have failed to produce a single document or answer a single interrogatory. *See* DEs 39, 41. Plaintiff's efforts to collect on its judgment have been unsuccessful. Plaintiff is being harmed by the delay and Defendants' dilatory behavior.[3]

In his December 2, 2008, Response to Plaintiff's Motion to Compel (DE 33), Defendant Goldberg requested "a minimum of 30 days to review, locate and forward the available documents as requested in the Plaintiff's order to produce." DE 33, p. 1. As of the date of the Show Cause Hearing, 108 days have passed without any production by Defendants.[4]

## II. Conclusions of Law

### A. Legal Standard

Pursuant to the Federal Rules of Civil Procedure, a district court may impose sanctions for failure to comply with discovery orders. *Serra Chevrolet, Inc., v. Gen. Motors Corp.*, 446 F.3d 1137, 1147 (11th Cir. 2006) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 695 (1982)); *see* FED. R. CIV. P. 37(b). One of the sanctions a court may impose under Rule 37 is "an order treating as a contempt of court the failure to obey any orders." *Serra Chevrolet*, 446 F.3d at 1147 (quoting *Ins. Corp. of Ireland*, 456 U.S. at 695). The court also may "order the disobedient

---

[3] E.g., as time goes by, Defendants' assets may be dissipating, decreasing the likelihood of Plaintiff collecting what it is owed.

[4] One excuse given by Defendant Goldberg is an inability to obtain counsel. This is a wholly inadequate reason, as *pro se* Defendant Goldberg does not need counsel to provide the requested discovery. Moreover, the Court notes that the deadline for Corporate Defendant to obtain counsel passed 280 days ago.

party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order." FED.R.CIV.P. 37(b)(2)(C); *see also Serra Chevrolet*, 446 F.3d at 1147.

Courts have inherent power to enforce compliance with their lawful orders through civil contempt. *Citronelle-Mobile Gathering, Inc., v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). Civil contempt is a remedial sanction designed and intended to obtain compliance with a court order or to compensate for damages sustained as a result of noncompliance. *Keegan v. Lawrence*, 778 F.Supp. 523, 525 (S.D.Fla. 1991) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949)). District courts enjoy "wide discretion to fashion an equitable remedy for [civil] contempt that is appropriate to the circumstances." *United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999) (quoting *EEOC v. Guardian Pools*, 828 F.2d 1507, 1515 (11th Cir. 1987)).

A court's focus in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue. *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990) (citing *Jim Walter Resources, Inc. v. Int'l Union, United Mine Workers of Am.*, 609 F.2d 165, 168 (5th Cir. 1980)).[5] A violation of a judicial order need not be willful for a party to be found in civil contempt. *See McComb*, 336 U.S. at 191.

The petitioner in a civil contempt proceeding must establish by clear and convincing evidence that the alleged contemnor violated the court's earlier order. *United States v. Roberts*, 858 F.2d 698, 700-01 (11th Cir. 1988) (citing *Northside Realty Assoc. v. United States*, 605 F.2d 1348, 1352 (5th Cir. 1979)). Once the petitioner makes a prima facie showing of a violation, the burden shifts to the

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit prior to October 1, 1981.

4

alleged contemnor to produce detailed evidence specifically explaining why he cannot comply. *Id.* at

701 (citing *United States v. Rylander*, 460 U.S. 752, 755 (1983)). This burden of production is not

satisfied by "a mere assertion of inability." *Id.* (citing *United States v. Hayes*, 722 F.2d 723, 725 (11th

Cir. 1984)). Rather, in this circuit, a party subject to a court's order demonstrates inability to comply

only by showing that he has made "in good faith all reasonable efforts to comply." *Id.* (citing *United

States v. Rizzo*, 539 F.2d 458, 465 (5th Cir. 1976)).

### B. Analysis

In the case at bar, Plaintiff has met its initial burden by introducing uncontroverted evidence

that both Defendants have violated this Court's January 12, 2009, Order (DE 36).  In response to

Plaintiff's Motion for Contempt, Defendant Goldberg has asserted that he "do[es] NOT have any of

the requested documentation" but he "continues to attempt to locate and produce documents." DE

40, p. 1; *see also* DE 43.  He cites a financial inability to retain counsel but states that Defendants are

making "best efforts" and "every effort to willfully comply" with every and all court orders and "will

continue to do so." DE 40, pp. 1-2.  He proffers a variety of reasons to explain his behavior,[6] but his

statements are bare assertions unsubstantiated by any evidence.  Defendant Goldberg cannot meet

his burden of producing evidence to rebut the prima facie showing of noncompliance merely by

*claiming* an inability to comply or by averring that he has *requested* the documents when it is clear

that he could have—and should have—done more. *See Hayes*, 722 F.2d at 726. Defendant Goldberg

has failed to satisfy the rigorous "all reasonable efforts to comply" standard. *See Roberts*, 858 F.2d

at 702 (citing *Hayes*, 722 F.2d at 725).  Further, the record clearly reflects Corporate Defendant's

---

[6] E.g., Defendant Goldberg states that "all or most of the requested documents were maintained by another individual who has just been located within the last 30 days," and that he has "initiated requesting documents from financial institutions." DE 43, p. 1.

flagrant disregard for judicial orders, as it has failed to make an appearance represented by counsel.[7]

Both Defendants have violated this Court's Order (DE 36) instructing them to produce the requested financial documents and answer the interrogatories by January 23, 2009.[8]

### III. Conclusion

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Contempt (DE 39) is **GRANTED**. Defendants are hereby found to be in civil contempt of court.

It is further **ORDERED AND ADJUDGED** that, on or before **5:00 p.m. on Monday, April 6, 2009**, Defendants shall:

(A) provide Plaintiff's attorney with all documents that are responsive to Plaintiff's Second Request for Production to Steven D. Goldberg;

(B) provide Plaintiff's attorney with all documents that are responsive to Plaintiff's Second Request for Production to Goldberg & Associates, LLC;

(C) provide Plaintiff's attorney with sworn answers to Plaintiff's Second Set of Interrogatories to Steven D. Goldberg; **and**

(D) provide Plaintiff's attorney with sworn answers to Plaintiff's Second Set of Interrogatories to Goldberg & Associates, LLC.

For each day that Defendants fail to comply with this Order, **monetary sanctions** shall be imposed against Defendants, jointly and severally, **in the amount of $1,000.00 per day**.

---

[7] Corporate Defendant has been in violation of judicial order for approximately nine months, as it failed to obtain counsel as instructed. *See* DE 22. The Court has construed Defendants' filings as being solely from Individual Defendant Goldberg.

[8] The Court also finds that Defendant Goldberg has treated Plaintiff and Plaintiff's counsel with contempt despite their repeated, concerted efforts to resolve the dispute. Defendants' failure to cooperate have caused Plaintiff to incur unnecessary attorneys' fees. Moreover, Defendants are wasting judicial resources.

Plaintiff shall be entitled to recover from Defendants, jointly and severally, reasonable attorneys' fees in connection with its Motion for Contempt (DE 39).

The Clerk of the Court is instructed to mail a copy of this Order to Defendants at the following addresses:

Steven D. Goldberg                    Steven D. Goldberg, c/o Goldberg & Associates
2001 Cocoanut Road                    102 N.E. 2nd Street, #387
Boca Raton, FL 33432                  Boca Raton, FL 33432

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this ___23___ day of March, 2009.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to        counsel of record;
                 Defendants.